**MUSICK, PEELER & GARRETT LLP**

624 South Grand Avenue, Suite 2000
Los Angeles, California 90017-3383
Telephone (213) 629-7600
Facsimile (213) 624-1376

Brian L. Holman (State Bar No. 94603)
 *b.holman@musickpeeler.com*
Peter J. Diedrich (State Bar No. 101649)
 *p.diedrich@musickpeeler.com*

Attorneys for Defendant and Counterclaimant Bradley Land Company

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# NORTHERN DIVISION

| | |
|---|---|
| In re | Case No. 9:19-bk-11573-MB |
| HVI CAT CANYON, INC., | Chapter 11 |
| Debtor. | Adv. Pro. Case No. 9:20-ap-01011-MB |
| MICHAEL A. McCONNELL, CHAPTER 11 TRUSTEE, | **ANSWER AND COUNTERCLAIM OF BRADLEY LAND COMPANY FOR DECLARATORY RELIEF** |
| Plaintiff, | |
| vs. | |
| DONNA JEAN AANERUD, an individual; RICHARD W. ACKERMAN, Trustee; JANE A. ADAMS, an individual; JOHN S. ADAMS, an individual; CHARLES C. ALBRIGHT, Trustee Under Trust of 5/20/76; OTHER DEFENDANTS LISTED ON EXHIBIT "1" HERETO and DOES 1-100, | |
| Defendants. | |
| BRADLEY LAND COMPANY, a California corporation,, | |
| Counter-Claimant, | |
| vs. | |
| MICHAEL A. McCONNELL, CHAPTER 11 TRUSTEE, | |
| Counter-Defendant. | |

Defendant Bradley Land Company ("Bradley") answers Plaintiff's Complaint as follows. The paragraph numbers in this Answer correspond to the paragraph numbers in the Complaint.

1. Bradley admits the allegations of this paragraph, on information and belief.

2. Bradley admits the allegations of this paragraph, on information and belief.

3. Bradley admits the allegations of this paragraph, on information and belief.

4. Bradley admits the allegations of this paragraph, on information and belief.

5. Bradley has insufficient information to admit this allegation and therefore denies the same.

6. Bradley admits the allegations of this paragraph, on information and belief.

7. Bradley admits that it is the owner of real property in the state of California with respect to which the Debtor is the lessee under one or more oil and gas leases. Except as admitted, Bradley denies the remaining allegations of this paragraph.

8. Bradley has insufficient information to admit this allegation and therefore denies the same.

9. Bradley admits the allegations of this paragraph, on information and belief.

10. Bradley admits the allegations of this paragraph, on information and belief.

11. Bradley admits the allegations of this paragraph, on information and belief.

12. Bradley admits the allegations of this paragraph, on information and belief.

13. Bradley has insufficient information to admit this allegation and therefore denies the same.

14. Bradley has insufficient information to admit this allegation and therefore denies the same.

15. Bradley has insufficient information to admit this allegation and therefore denies the same.

16. Bradley has insufficient information to admit this allegation and therefore denies the same.

17. Bradley admits that debtor's oil and gas leases with respect to Bradley properties

are recorded in the relevant county recorders' offices. Except as admitted, Bradley denies the remaining allegations of this paragraph.

18. Bradley admits the allegations of this paragraph, on information and belief.

19. This paragraph contains no factual averments, but rather a pure legal proposition, which Bradley can neither admit nor deny.

20. Bradley denies the allegations of this paragraph.

21. Bradley has insufficient information to admit this allegation and therefore denies the same.

22. Bradley admits that a controversy currently exists over whether or not Bankruptcy Code Section 365 applies to the "Subject Rights," as that term is defined in the Complaint. Except as admitted, Bradley denies the remaining allegations of this paragraph.

23. Defendant Bradley refers to and incorporates herein by reference its response to the allegations contained in paragraphs 1-22 above.

24. Bradley has insufficient information to admit this allegation and therefore denies the same.

25. Bradley denies the allegations of this paragraph.

26. Bradley admits the allegations of this paragraph.

27. Bradley admits that Plaintiff is seeking a declaration as alleged, but denies that such relief is proper against Bradley. Otherwise, Bradley has insufficient information and therefore denies the remaining allegations of this paragraph.

## AFFIRMATIVE DEFENSES

Bradley asserts affirmative defenses in this Answer to preserve any and all rights under law, and under any applicable contracts, leases, or similar instruments. By asserting an affirmative defense, Bradley does not acknowledge or assume the burden of proof for persuasion on any particular issue where Bradley does not have such burden under the law or the facts of this action. To the extent that any affirmative defense stated in this answer is deemed to relate instead to the absence of an element to the claim, or is properly a subject of the denial rather than an affirmative defense, Bradley asserts each ground stated as such.

FIRST AFFIRMATIVE DEFENSE

28. Each and every cause of action in the Complaint fails to state facts sufficient to constitute a cause of action against Bradley.

SECOND AFFIRMATIVE DEFENSE

29. Bradley has been improperly joined as a defendant in this action on the ground that the claims against it do not arise from the same transaction, occurrence, or series of transactions or occurrences, as claims against the other defendants, and no question of law or fact common to all parties exists.

WHEREFORE, Bradley prays for judgment against Plaintiff as follows:

1. That the declaration sought by Plaintiff be denied;

2. For an award of Bradley's costs and attorney's fees incurred in connection with this adversary action; and

3. For such other and further relief as this Court may deem just and proper.

DATED: March 5, 2020                    MUSICK, PEELER & GARRETT LLP

By: /s/ Brian L. Holman
Brian L. Holman
Attorneys for Defendant and Counterclaimant
Bradley Land Company

COUNTER-CLAIM FOR DECLARATORY RELIEF

For its counter-claim against Plaintiff Michael A. McConnell, Chapter 11 Trustee, Defendant and Counter-Claimant Bradley alleges as follows:

**A.** The Parties

1. Counter-Claimant Bradley Land Company ("Bradley") is a California corporation with its principal place of business in Santa Barbara County, California.

2. Bradley is informed and believes, and thereon alleges, that Michael A. McConnell is the duly appointed Chapter 11 Trustee in the instant bankruptcy action.

**B.** Jurisdiction

3. This Court has jurisdiction over this counter-claim pursuant to 28 USC Sections

157(b) and 1334(b).

**C.** Introduction

4. In its claim for declaratory relief, the Trustee seeks a ruling of this Court that certain oil and gas leases, under which Bradley is the lessor and the Debtor is the lessee, are assets of the estate under Section 541 of the Bankruptcy Code and are neither unexpired leases of non-residential real property nor executory contracts under Section 365 of the Code. In so doing, the Trustee apparently seeks to position himself to be able to sell or assign the Debtor's rights arising under those leases while simultaneously excusing himself (or any subsequent purchaser or assignee) from having to cure all defaults under such leases, having to assume the obligations of the Debtor under such leases, and having to provide adequate assurance of future performance of the Debtor's obligations under such leases. Regardless of the characterization of the subject leases under bankruptcy or non-bankruptcy law—whether leases, executory contracts, profits á *prendre*, or easements—no case, nor any principle in bankruptcy or non-bankruptcy law, stands for the proposition that the Trustee can sever the Debtor's rights under the agreements from the Debtor's obligations under the agreements and thereby reap the benefits of the former while avoiding the latter. Thus, Bradley seeks a declaration from this Court that, to the extent the subject oil and gas leases have not previously terminated, (i) the leases are executory contracts or unexpired leases of non-residential real property and are subject to Section 365 of the Code or, in the alternative, (ii) even if the leases are deemed property of the estate under Section 541 not subject to Section 365, the Trustee cannot sever the Debtor's rights under the leases from the Debtors' obligations under the leases or Bradley's remedies for any breach of the leases (including the remedy of termination of the leases for non-payment of royalties), and therefore the Trustee cannot sell or assign the Debtor's rights under the leases without first curing all defaults under such leases, assuming the obligations of the Debtor under such leases, and providing adequate assurance of future performance of the Debtor's obligations under such leases by the purchaser or assignee.

**D.** Bankruptcy Background

5. On July 25, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Bankruptcy Code (the "Code").

6. The case was originally filed in the Southern District of New York. The case was transferred to the Northern District of Texas, and then later to the Central District of California.

7. On or about October 16, 2019, the Court entered its order directing the United States Trustee to appoint a Chapter 11 trustee.

8. On or about October 21, 2019, the Court approved the appointment of Michael A. McConnell as the Chapter 11 Trustee for the Debtor's case.

  **E.** <u>The Bradley Oil and Gas Leases</u>

9. Bradley is, and has been for over a century, an owner of land in Santa Barbara County, California. Bradley is the fee simple owner of real property as to which the Debtor is the lessee under certain recorded oil and gas leases.

10. Although details of some of the referenced leases differ, all the oil and gas leases between Bradley and the Debtor granted the Debtor the right to extract oil, gas, and/or minerals from the Bradley properties subject to, and conditioned upon the Debtor's compliance with, the terms and conditions of the leases. In turn, the Debtor agreed to pay Bradley royalties on the oil and gas produced and to perform other obligations, including the obligation to remediate and restore the property should the leases expire or otherwise be terminated.

11. Each of the leases provides for the automatic termination of the lease in the event the Debtor fails to maintain a required level of production of oil, gas, and/or minerals.

12. The Debtor is currently in breach of its royalty obligation under every one of its oil and gas leases with Bradley.

13. Certain of the leases may have terminated by their terms as a result of the Debtor's or the Trustee's failure to maintain the required level of production of oil, gas, and/or minerals.

14. Under the terms of the Debtor's oil and gas leases with Bradley, the Debtor may not assign the leases without Bradley's written consent.

15. The leases generally provide for the counterparty's payment of the attorney's fees of the prevailing party in the event of a dispute.

## FIRST CLAIM FOR RELIEF

(Declaratory Relief Against Trustee)

16. Bradley refers to and incorporates herein by reference each and every allegation contained in paragraphs 1 through 15, inclusive, of this counterclaim as though fully set forth herein.

17. Bradley is informed and believes that the Trustee asserts that the Trustee may sell or assign the Debtor's rights arising under the subject oil and gas leases for the benefit of the estate without first curing all defaults under such leases, assuming the obligations of the Debtor under such leases, and providing adequate assurance of future performance of the Debtor's obligations under such leases by the purchaser or assignee. Bradley disputes such assertion and believes this course of action is contrary to law, and therefore Bradley seeks a declaration from this Court that, to the extent the subject oil and gas leases have not previously terminated, (i) the leases are executory contracts or unexpired leases of non-residential real property and are subject to Section 365 of the Bankruptcy Code, or, in the alternative, (ii) even if the leases are deemed property of the estate under Section 541 not subject to Section 365, the Trustee cannot sever the Debtor's rights under the leases from the Debtor's obligations under the leases or Bradley's remedies for any breach of the leases (including the remedy of termination of the leases for non-payment of royalties), and therefore the Trustee cannot sell or assign the Debtor's rights under the leases without first curing all defaults under such leases, assuming the obligations of the Debtor under such leases, and providing adequate assurance of future performance of the Debtor's obligations under such leases by the purchaser or assignee.

18. Bradley is informed and believes that the Trustee asserts that the Trustee may sell or assign the Debtor's rights arising under the subject oil and gas leases for the benefit of the estate without violating the provisions of the leases requiring Bradley's written consent to an assignment of the leases. Bradley disputes such assertion and believes that any assignment of the leases, other than in strict compliance with Section 365 of the Code, in violation of the provisions of the leases requiring Bradley's written consent to an assignment of the leases will constitute a breach of the leases entitling Bradley to exercise remedies for breach, including the remedy of termination of

the leases. Bradley therefore seeks a declaration from this Court that any assignment of the leases, other than in strict compliance with Section 365 of the Code, in violation of the provisions of the leases requiring Bradley's written consent to an assignment of the leases will constitute a breach of the leases entitling Bradley to exercise remedies for breach, including the remedy of termination of the leases.

19. This counterclaim for declaratory relief is necessary and appropriate to resolve the uncertainty and controversy surrounding the status of Bradley's (and potentially of others') oil and gas leases.

WHEREFORE, Bradley prays for judgment against the Trustee as follows:

## ON THE FIRST CLAIM FOR RELIEF

1. For a declaration that, to the extent oil and gas leases between Bradley and the Debtor have not previously terminated, (i) the leases are executory contracts or unexpired leases of non-residential real property and are subject to Section 365 of the Bankruptcy Code, or, in the alternative, (ii) even if the leases are deemed property of the estate under Section 541 not subject to Section 365, the Trustee cannot sever the Debtor's rights under the leases from the Debtors' obligations under the leases or Bradley's remedies for any breach of the leases (including the remedy of termination of the leases for non-payment of royalties), and therefore the Trustee cannot sell or assign the Debtor's rights under the leases without first curing all defaults under such leases, assuming the obligations of the Debtor under such leases, and providing adequate assurance of future performance of the Debtor's obligations under such leases by the purchaser or assignee;

2. For a declaration that any assignment of the subject oil and gas leases, other than in strict compliance with Section 365 of the Code, in violation of the provisions of the leases requiring Bradley's written consent to an assignment of the leases will constitute a breach of the leases entitling Bradley to exercise remedies for breach, including the remedy of termination of the leases;

3. For an award of Bradley's costs and attorney's fees incurred in connection with this adversary action; and

1    4.    For such other and further relief as the Court deems just and proper.

3  DATED: March 5, 2020        MUSICK, PEELER & GARRETT LLP

By:  /s/ Brian L. Holman
      Brian L. Holman
      Attorneys for Defendant and Counterclaimant
      Bradley Land Company

**MUSICK, PEELER & GARRETT LLP**

1203415.3

9

ANSWER AND COUNTERCLAIM OF BRADLEY LAND COMPANY FOR DECLARATORY RELIEF

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
624 South Grand Avenue, Suite 2000
Los Angeles, California 90017-3383

A true and correct copy of the foregoing document entitled (*specify*): **ANSWER AND COUNTERCLAIM OF BRADLEY LAND COMPANY FOR DECLARATORY RELIEF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **March 5, 2020**.  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

| | |
|---|---|
| William C Beall | will@beallandburkhardt.com, carissa@beallandburkhardt.com |
| Bradley D Blakeley | blakeley@blakeleylawgroup.com, bradleydblakeley@gmail.com |
| Don Fisher | dfisher@ptwww.com, tblack@ptwww.com |
| Brian D Fittipaldi |  brian.fittipaldi@usdoj.gov |
| Gisele M Goetz | gmgoetz@hbsb.com, ggoetz@collegesoflaw.edu;cecilia@hbsb.com |
| Karen L Grant | kgrant@silcom.com |
| Brian L Holman | b.holman@mpglaw.com |
| Eric P Israel | eisrael@DanningGill.com, anninggill@gmail.com;eisrael@ecf.inforuptcy.com |
| Mitchell J Langberg | mlangberg@bhfs.com, dcrudup@bhfs.com |
| Michael Authur McConnell (TR) | Michael.mcconnell@kellyhart.com |
| Jerry Namba | nambaepiq@earthlink.net, G23453@notify.cincompass.com; annie_cunningham@ymail.com |
| Benjamin P Pugh | bpugh@ecg.law, mwoo@ecg.law;mhamburger@ecg.law;calendar@ecg.law |
| Edward S Renwick | erenwick@hanmor.com, iaguilar@hanmor.com |
| J. Alexandra Rhim | arhim@hrhlaw.com |
| Todd C. Ringstad | becky@ringstadlaw.com, arlene@ringstadlaw.com |
| Zev Shechtman | zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com |
| United States Trustee (ND) |  ustpregion16.nd.ecf@usdoj.gov |
| William E. Winfield | wwinfield@calattys.com, scuevas@calattys.com |

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **March 5, 2020**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Martin R. Barash
United States Bankruptcy Court
Central District of California
21041 Burbank Boulevard, Suite 342 / Courtroom 303
Woodland Hills, California 91367

| | |
|---|---|
| **Donna Jean AAnerud**<br>523 W. Citracado Parkway<br>Escondido, CA 92025 | **Richard W. Ackerman**<br>c/o Richards W. Ackerman Trust 3-14-77<br>P.O. Box 559<br>Darby, MT 59829 |

1203415.3 This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                **F 9013-3.1.PROOF.SERVICE**

**Alan D Condren**
Seed Mackall LLP
1332 Anacapa St Suite 200
Santa Barbara, CA 93101

**Bruce W Wagner**
Twitchell and Rice, LLP
215 North Lincoln St
PO Box 520
Santa Maria, CA 93456

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 5, 2020 | Paula J. Silva | *(signature)* Paula J. Silva |
|---|---|---|
| Date | Printed Name: | Signature |

1203415.3 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                **F 9013-3.1.PROOF.SERVICE**