75 L   Law Offices of
       **KAREN L. GRANT**
2      State Bar No. 122084
       924 Anacapa Street, Ste 1M
3      Santa Barbara, CA 93101
       (805) 962-4413
4      (Fax) (805) 568-1641
       kgrant@silcom.com
5

6
       Attorneys for Janet K. Ganong Estate and
7      Living Trust

8                      UNITED STATES BANKRUPTCY COURT

9           CENTRAL DISTRICT OF CALIFORNIA- NORTHERN DIVISION

10

11     In re                         ) CASE NO. 9:19-bk-11573-MB
                                      ) (Chapter 7)
12     HVI Cat Canyon, Inc.           )
                                      ) ADV. NO. 9:20-ap-01011-MB
13             Debtor.                )
                                      ) ANSWER OF JANET K. GANONG ESTATE
14     _____       ) AND LIVING TRUST TO COMPLAINT FOR
                                      ) DECLARATORY RELIEF
15     Michael A. McConnell, Chapter 11  )
       Trustee                       )
16                                    ) Status Conference
                          Plaintiff,  ) Date:   May 2275, 2020
17     Vs.                            ) Time:   10:00 a.m.
                                      ) Place:  1415 State St Ctr 201
18     Donna Jean AAnerud et al.,     )         Santa Barbara, CA 93101
                                      ) Judge:  Martin R. Barash
19                    Defendants.     )

20          Defendant    Janet   K.   Ganong   Estate   and   Living   Trust

21     ("Defendant")  hereby  answers  the  Complaint  for  Declaratory  Relief

22     ("the  Complaint")  of  Plaintiff  Michael  A.  McConnell,  Chapter  11

23     Trustee, ("Plaintiff"), as follows:

24                                **JURISDICTION**

25          1.    Defendant has insufficient knowledge to either admit or

26     deny the allegations contained in paragraph 1 of the Complaint, and

27     on that basis denies each of the allegations contained therein.

28

1    2.    Answering paragraphs 2 of the Complaint, whether this is

2    a core proceeding under 28 U.S.C. §157(b)(2)(A) and (O) constitutes

3    a legal conclusion to which no response is required.

4    3.    Defendant admits the allegations in paragraph 3 of the

5    Complaint.

6    4.    Defendant consents to the Court entering final judgment

7    in this adversary proceeding.

8                              **INTRODUCTION**

9    5.    Defendant has insufficient knowledge to either admit or

10   deny the allegations contained in paragraph 5 of the Complaint, and

11   on that basis denies each of the allegations contained therein.

12                             **THE PARTIES**

13   6.    Defendant admits the allegations of paragraph 6 of the

14   Complaint.

15   7.    Defendant lacks information with respect to the

16   allegations of paragraph 7 as to the Defendants listed on Exhibit

17   "1", except itself, and denies the allegations of paragraph 7 on

18   that basis.  As to itself, Defendant admits (1) it is an owner of

19   certain real property in Orange County, California that is part of

20   the real property tract commonly known as the Richfield East Dome

21   Unit ("Redu Property"); (2) that pursuant to a Community Oil and Gas

22   lease (commonly known as the Richfield Consolidated Lease) executed

23   in 1919 and the terms of a Unit Agreement for the Redu Property

24   dated October 15, 1969, (collectively the "Redu Oil and Gas

25   Leases"), Defendant is currently entitled to certain royalty

26   interests each month from the Debtor; (3) that Defendant has certain

27   obligations under the Redu Oil and Gas Leases, including the

28

obligation to allow the Debtor to use the leased lands and to remove

oil & gas from those lands, subject to certain terms and conditions;

(4) that the Debtor has certain obligations under the Redu Oil and

Gas Leases including the obligation to produce oil from the leased

lands and to pay Defendant its share of the produced oil under the

Redu Oil and Gas Leases; (5) that the Debtor took oil from the

leased land both prior to this Bankruptcy proceeding and during this

Bankruptcy proceeding but failed to pay the royalty when due.

     8.    Defendant has insufficient knowledge to either admit or
deny the allegations contained in paragraph 8 of the Complaint, and
on that basis denies each of the allegations contained therein.

GENERAL ALLEGATIONS

**Bankruptcy Background**

     9.    Defendant admits the allegations of paragraph 9 of the
Complaint.

     10.    Defendant admits the allegations of paragraph 10 of the
Complaint.

     11.    Defendant admits the allegations of paragraph 11 of the
Complaint.

     12.    Defendant admits the allegations of paragraph 12 of the
Complaint.

**The Debtor's Business**

     13.    Defendant has insufficient knowledge to either admit or
deny the allegations contained in paragraph 13 of the Complaint, and
on that basis denies each of the allegations contained therein.

     14. Defendant has insufficient knowledge to either admit or
deny the allegations contained in paragraph 14 of the Complaint, and

1  on that basis denies each of the allegations contained therein.

2      15. Defendant has insufficient knowledge to either admit or

3  deny the allegations contained in paragraph 15 of the Complaint, and

4  on that basis denies each of the allegations contained therein.

5      16. Defendant has insufficient knowledge to either admit or

6  deny the allegations contained in paragraph 16 of the Complaint, and

7  on that basis denies each of the allegations contained therein.

8  **The Subject Rights**

9      17.   In response to the allegations of paragraph 17, Defendant

10  lacks knowledge as to any defendant other than itself and denies the

11  allegations on that basis.  As to the Redu Oil and Gas Leases,

12  Defendant admits that said leases were recorded in Orange County,

13  California.

14      18.   Defendant has insufficient knowledge to either admit or

15  deny the allegations contained in paragraph 18 of the Complaint, and

16  on that basis denies each of the allegations contained therein.

17      19.   This paragraph contains no factual averments, but rather

18  a pure legal proposition which Defendant can neither admit nor deny.

19      20.   Defendant denies the allegations of paragraph 20 of the

20  Complaint.

21      21.   Defendant has insufficient knowledge to either admit or

22  deny the allegations contained in paragraph 21 of the Complaint, and

23  on that basis denies each of the allegations contained therein.

24      22.   Defendant has insufficient knowledge to either admit or

25  deny the allegations contained in paragraph 22 of the Complaint, and

26  on that basis denies each of the allegations contained therein.

27

28

Law Offices of
KAREN L. GRANT
924 Anacapa St. Ste IM
Santa Barbara, CA  93101

4

**FIRST CLAIM FOR RELIEF**

23.   In response to the allegations of paragraph 23, Defendant hereby reasserts and incorporates by reference its answers contained in paragraphs 1 through 22, inclusive, of this Answer as if fully set forth herein.

24.   Defendant denies the allegations of paragraph 24 of the Complaint.

25.   Defendant denies the allegations of paragraph 25 of the Complaint.

26.   Defendant has insufficient knowledge to either admit or deny the allegations contained in paragraph 26 of the Complaint, and on that basis denies each of the allegations contained therein.

27.   Defendant denies the allegations of paragraph 25 of the Complaint.

**DEFENDANT'S AFFIRMATIVE DEFENSES**

Defen75dant asserts affirmative defenses in this Answer to preserve any and all rights under law, and under any applicable contracts, leases, or similar instruments.  By asserting an affirmative defense, Defendant does not acknowledge or assume the burden of proof for persuasion on any particular issue where Defendant does not have such burden under the law or the facts of this action.  To the extent that any affirmative defense stated in this answer is deemed to relate instead to the absence of an element to the claim, or is properly a subject of the denial rather than an affirmative defense, Defendant asserts such ground stated as such.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State Claim for Relief)**

Each and every claim for relief in the Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Unjust Enrichment)**

Defendant alleges the Complaint is barred by the fact that Plaintiff, if he was to recover, would be unjustly enriched.

**THIRD AFFIRMATIVE DEFENSE**

**(Illegal Taking)**

The relief sought by Plaintiff would constitute an illegal taking without compensation in violation of the United States Constitution and the California Constitution.

**FOURTH AFFIRMATIVE DEFENSE**

**(Improper Joinder)**

Defendant has been improperly joined as a defendant in this action on the ground that the claims against it do not arise from the same transaction, occurrence, or series of transactions or occurrences, as claims against the other defendants, and no question of law or fact common to all parties exists.

**FIFTH AFFIRMATIVE DEFENSE**

**(Reservation of Rights)**

Defendant alleges that it presently has insufficient knowledge or information on which to for a belief as to whether it may have additional, as yet unstated, defenses available.  Defendant reserves the right to assert additional defenses in the event discovery indicates that they would be appropriate.

1    **WHEREFORE,** Defendant prays for Judgment against Plaintiff as

2    follows:

3                    **ON THE FIRST CLAIM FOR RELIEF:**

4        1.    That the declaration sought by Plaintiff be denied;

5        2.    A Declaration that the Redu Oil and Gas Leases are

6    unexpired leases and/or executory contracts under Section 365 of the

7    Code;

8        3     For an award of Defendant's attorney's fees and costs

9    incurred in connection with this adversary action; and

10       4.    For such other and further relief as the Court deems just

11   and proper.

12

13   DATED: March 5, 2020            LAW OFFICES OF KAREN L. GRANT

14

15

16                                   By:
                                         _____
17                                       Karen L. Grant
                                         Attorneys for Defendant Janet
18                                       K. Ganong Estate & Living
                                         Trust

19

20

21

22

23

24

25

26

27

28

Law Offices of
KAREN L. GRANT
924 Anacapa St. Ste 1M
Santa Barbara, CA 93101

7

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
924 Anacapa Street, Suite 1M, Santa Barbara, CA  93101

A true and correct copy of the foregoing document entitled (*specify*): **ANSWER OF JANET K. GANONG ESTATE AND LIVING TRUST TO COMPLAINT FOR DECLARATORY RELIEF**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 3/5/2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **William C Beall**   will@beallandburkhardt.com, carissa@beallandburkhardt.com
- **Bradley D Blakeley**   blakeley@blakeleylawgroup.com, bradleydblakeley@gmail.com
- **Don Fisher**   dfisher@ptwww.com, tblack@ptwww.com
- **Brian D Fittipaldi**   brian.fittipaldi@usdoj.gov
- **Gisele M Goetz**   gmgoetz@hbsb.com, ggoetz@collegesoflaw.edu;cecilia@hbsb.com
- **Karen L Grant**   kgrant@silcom.com
- **Brian L Holman**   b.holman@mpglaw.com
- **Eric P Israel**   eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com
- **Mitchell J Langberg**   mlangberg@bhfs.com, dcrudup@bhfs.com
- **Michael Authur McConnell (TR)**   Michael.mcconnell@kellyhart.com
- **Jerry Namba**   nambaepiq@earthlink.net, G23453@notify.cincompass.com;annie_cunningham@ymail.com
- **Benjamin P Pugh**   bpugh@ecg.law, mwoo@ecg.law;mhamburger@ecg.law;calendar@ecg.law
- **Edward S Renwick**   erenwick@hanmor.com, iaguilar@hanmor.com
- **J. Alexandra Rhim**   arhim@hrhlaw.com
- **Todd C. Ringstad**   becky@ringstadlaw.com, arlene@ringstadlaw.com
- **Zev Shechtman**   zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com
- **United States Trustee (ND)**   ustpregion16.nd.ecf@usdoj.gov
- **William E. Winfield**   wwinfield@calattys.com, scuevas@calattys.com

☒ Service information continued on attached page

2.  **SERVED BY UNITED STATES MAIL**:
On (*date*) 3/5/2020, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**Honorable Martin R. Barash**
United States Bankruptcy Court
Central District of California
21041 Burbank Boulevard, Suite 342 / Courtroom 303
Woodland Hills, CA 91367

**Donna Jean AAnerud**
523 W. Citracado Parkway
Escondido, CA 92025

**Richard W. Ackerman**
c/o Richards W. Ackerman Trust 3-14-77
P.O. Box 559
Darby, MT 59829

**Alan D Condren**
Seed Mackall LLP
1332 Anacapa St Suite 200
Santa Barbara, CA 93101

**Bruce W Wagner**
Twitchell and Rice, LLP
215 North Lincoln St
PO Box 520
Santa Maria, CA 93456

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 3/5/2020 | Karen L. Grant | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**