J. ALEXANDRA RHIM (SBN 180636)
CHRISTOPHER D. CROWELL (SBN 253103)
**HEMAR, ROUSSO & HEALD, LLP**
15910 Ventura Boulevard, 12th Floor
Encino, CA  91436
Telephone: (818) 501-3800
Facsimile: (818) 501-2985

Attorneys for Defendants Laor Liquidating Associates, LP (erroneously
sued as Laor) and Guarantee Royalties Inc.

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – NORTHERN DIVISION

| | |
|---|---|
| In re<br><br>HVI CAT CANYON, INC.,<br><br>                    Debtor. | Case No. 9:19-bk-11573-MB<br><br>Adv. No. 9:20-ap-01011-MB<br><br>**ANSWER AND COUNTERCLAIMS OF LAOR LIQUIDATING ASSOCIATES, LP AND GUARANTEE ROYALTIES, INC.** |
| MICHAEL A. McCONNELL, Chapter 11 Trustee,<br><br>                    Plaintiff,<br><br>v.<br><br>DONNA JEAN AANERUD, an individual; RICHARD W. ACKERMAN, Trustee; JANE A. ADAMS, an individual; JOHN S. ADAMS, an individual; CHARLES C. ALBRIGHT, Trustee Under Trust of 5/20/76; OTHER DEFENDANTS LISTED ON EXHIBIT "1" HERETO and DOES 1-100,<br><br>                    Defendants. | **Status Conference:**<br>Date:  May 20, 2020<br>Time: 10:00 a.m.<br>Place:  Courtroom 201<br>        1415 State Street, Santa Barbara<br>        California |
| LAOR LIQUIDATING ASSOCIATES, LP, a California limited partnership and GUARANTEE ROYALTIES INC., a California corporation,<br><br>                    Counter-Claimants,<br><br>v.<br><br>MICHAEL A. McCONNELL, Chapter 11 Trustee,<br><br>                    Counter-Defendant. | |

HEMAR, ROUSSO & HEALD, LLP
15910 VENTURA BOULEVARD, 12TH FLOOR
ENCINO, CA 91436

HEMAR, ROUSSO & HEALD, LLP
15910 VENTURA BOULEVARD, 12TH FLOOR
ENCINO, CA 91436

Defendants Laor Liquidating Associates, LP (erroneously sued as Laor) ("Laor") and Guarantee Royalties Inc. ("Guarantee" together with Laor shall be referred to collectively as, "Defendants"), by and through its undersigned counsel, hereby file this Answer to Trustee's Complaint for Declaratory Relief (the "Complaint") filed by plaintiff Michael A. McConnell, Chapter 11 Trustee in the above-captioned bankruptcy case (the "Bankruptcy Case") ("Plaintiff"), as to each numbered paragraph in the Complaint, and assert Counterclaims as follows:

## I.    ANSWER

### JURISDICTION

1.    The allegations in Paragraph 1 contain legal conclusions and statements of opinion to which no responsive pleading is required.  Defendants do not consent to entry of final judgment and orders by the Bankruptcy Court.  Defendants further deny that Plaintiff is entitled to any relief whatsoever from Defendants.  With respect to Plaintiff's remaining allegations, Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1 and, on that basis denies the allegations contained in Paragraph 1.

2.    Defendants state that there are no allegations in Paragraph 2 directed at Defendants and, therefore, no response is required.  Defendants do not consent to entry of final judgment and orders by the Bankruptcy Court.  Defendants further deny that Plaintiff is entitled to any relief whatsoever from Defendants.  To the extent a response is required, Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 and, on that basis, denies the allegations contained in Paragraph 2.

3.    Defendants state that there are no allegations in Paragraph 3 directed at Defendants and, therefore, no response is required.  Defendants deny that Plaintiff is entitled to any relief whatsoever from Defendants.  To the extent a response is required, Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 and, on that basis, denies the allegations contained in Paragraph 3.

4.    The allegations in Paragraph 4 contain legal conclusions and statements of opinion to which no responsive pleading is required.  Defendants do not consent to entry of final judgment and orders by the Bankruptcy Court.  Defendants further deny that Plaintiff is entitled to any relief

whatsoever from Defendants.  With respect to Plaintiff's remaining allegations, Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4 and, on that basis denies the allegations contained in Paragraph 4.

## INTRODUCTION

5.    The allegations in Paragraph 5 contain legal conclusions and statements of opinion to which no responsive pleading is required.  Defendants deny that Plaintiff is entitled to any relief whatsoever from Defendants.  With respect to Plaintiff's remaining allegations, Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 5 and, on that basis denies the allegations contained in Paragraph 5.

6.    Defendants state that there are no allegations in Paragraph 6 directed at Defendants and, therefore, no response is required.  To the extent a response is required, Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 and, on that basis, denies the allegations contained in Paragraph 6.

7.    Defendants state that they are entities who are royalty claimants, holders of fee simple interests in real property and related oil, gas and/or mineral rights pertaining thereto which the Debtor asserts it holds rights.  Defendants further deny that the Debtor holds any ownership in or other rights pertaining to such oil, gas and/or mineral extraction rights.  Except as expressly stated, Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 and, on that basis, denies the allegations contained in Paragraph 7.

**8.**    Defendants state that there are no allegations in Paragraph 8 directed at Defendants and, therefore, no response is required.  To the extent a response is required, Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 and, on that basis, denies the allegations contained in Paragraph 8.

## GENERAL ALLEGATIONS

9.    Defendants state that there are no allegations in Paragraph 9 directed at Defendants and, therefore, no response is required.  To the extent a response is required, Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 and, on that basis, denies the allegations contained in Paragraph 9.

HEMAR, ROUSSO & HEALD, LLP
15910 VENTURA BOULEVARD, 12TH FLOOR
ENCINO, CA 91436

HEMAR, ROUSSO & HEALD, LLP
15910 VENTURA BOULEVARD, 12TH FLOOR
ENCINO, CA 91436

10.      Defendants state that there are no allegations in Paragraph 10 directed at Defendants and, therefore, no response is required.  To the extent a response is required, Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 and, on that basis, denies the allegations contained in Paragraph 10.

11.      Defendants state that there are no allegations in Paragraph 11 directed at Defendants and, therefore, no response is required.  To the extent a response is required, Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 and, on that basis, denies the allegations contained in Paragraph 11.

12.      Defendants state that there are no allegations in Paragraph 12 directed at Defendants and, therefore, no response is required.  To the extent a response is required, Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 and, on that basis, denies the allegations contained in Paragraph 12.

13.      Defendants state that there are no allegations in Paragraph 13 directed at Defendants and, therefore, no response is required.  To the extent a response is required, Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 and, on that basis, denies the allegations contained in Paragraph 13.

14.      Defendants deny that the Debtor is the owner and operator of producing oil and gas interests relating to real property in which Defendants hold ownership and/or other interests.  Except as expressly stated, Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 and, on that basis, denies the allegations contained in Paragraph 14.

15.      Defendants deny that the Debtor owns approximately 100% working interests and 85% net revenue interests the Lands in which Defendants hold ownership and/or other interests.  Except as expressly stated, Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 and, on that basis, denies the allegations contained in Paragraph 15.

16.      Defendants deny that the Debtor has oil wells on the Lands in which Defendants hold ownership and/or other interests.    Except as expressly stated, Defendants lack knowledge or

HEMAR, ROUSSO & HEALD, LLP
15910 VENTURA BOULEVARD, 12TH FLOOR
ENCINO, CA 91436

information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 and, on that basis, denies the allegations contained in Paragraph 16.

17.    Defendants deny that the Subject Rights, if any, pertaining to the Lands in which Defendants hold ownership and/or other interests are solely memorialized in documents recorded in the county recorders' offices.  Except as expressly stated, Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 and, on that basis, denies the allegations contained in Paragraph 17.

18.    Defendants deny that the Subject Rights, if any, pertaining to the Lands in which Defendants hold ownership and/or other interests are solely memorialized in documents listed in Exhibit 2 appended to the Complaint.  Except as expressly stated, Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 and, on that basis, denies the allegations contained in Paragraph 18.

19.    The allegations in Paragraph 19 contain legal conclusions and statements of opinion to which no responsive pleading is required. With respect to Plaintiff's remaining allegations, Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19 and, on that basis denies the allegations contained in Paragraph 19.

20.    The allegations in Paragraph 20 contain legal conclusions and statements of opinion to which no responsive pleading is required. With respect to Plaintiff's remaining allegations, Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20 and, on that basis denies the allegations contained in Paragraph 20.

21.    Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 and, on that basis, denies the allegations contained in Paragraph 21.

22.    Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and, on that basis, denies the allegations contained in Paragraph 22.

HEMAR, ROUSSO & HEALD, LLP
15910 VENTURA BOULEVARD, 12TH FLOOR
ENCINO, CA 91436

23. Defendants incorporates each of its foregoing responses as if fully set forth herein.

24. The allegations in Paragraph 24 contain legal conclusions and statements of opinion to which no responsive pleading is required. Defendants deny that Plaintiff is entitled to any relief whatsoever from Defendants. With respect to Plaintiff's remaining allegations, Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 24 and, on that basis denies the allegations contained in Paragraph 24.

25. The allegations in Paragraph 25 contain legal conclusions and statements of opinion to which no responsive pleading is required. Defendants deny that Plaintiff is entitled to any relief whatsoever from Defendants. With respect to Plaintiff's remaining allegations, Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 25 and, on that basis denies the allegations contained in Paragraph 25.

26. The allegations in Paragraph 26 contain legal conclusions and statements of opinion to which no responsive pleading is required. Defendants deny that any uncertainty, insecurity or actual controversy exists regarding Defendants and further denies that Plaintiff is entitled to any relief whatsoever from Defendants. With respect to Plaintiff's remaining allegations, Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 26 and, on that basis denies the allegations contained in Paragraph 26.

27. The allegations in Paragraph 27 contain legal conclusions and statements of opinion to which no responsive pleading is required. Defendants deny that any uncertainty, insecurity or actual controversy exists regarding Defendants and further denies that Plaintiff is entitled to any relief whatsoever from Defendants. With respect to Plaintiff's remaining allegations, Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 27 and, on that basis denies the allegations contained in Paragraph 27.

1    **II.    AFFIRMATIVE DEFENSES**

2    Without assuming the burden of proof where it otherwise lies with Plaintiff, Defendants allege

3    the following affirmative defenses:

4    **FIRST AFFIRMATIVE DEFENSE**

5    **(Failure to State a Claim for Relief)**

6    The Complaint and each purported claim for relief alleged therein fails to state facts sufficient

7    to constitute a claim for relief against Defendants.

8    **SECOND AFFIRMATIVE DEFENSE**

9    **(Uncertainty)**

10    The Complaint and each purported claim for relief alleged therein is uncertain, vague,

11    ambiguous, improper and unintelligible.

12    **THIRD AFFIRMATIVE DEFENSE**

13    **(Lack of Justiciable Case and Controversy)**

14    The Complaint and each purported claim for relief alleged therein are barred, in whole or in

15    part, due to the lack of justiciable case and controversy.

16    **FOURTH AFFIRMATIVE DEFENSE**

17    **(Statute of Limitations)**

18    The Complaint and each purported claim for relief alleged therein are barred by the applicable

19    statute of limitations.

20    **FIFTH AFFIRMATIVE DEFENSE**

21    **(Statutory Defenses)**

22    The Complaint and each purported claim for relief alleged therein are barred by operation of

23    California Civil Code § 883.140(b).

24    **SIXTH AFFIRMATIVE DEFENSE**

25    **(Termination)**

26    The Complaint and each purported claim for relief alleged therein are barred due to termination

27    of the Debtor's interests in the Leases (as such term is defined in the Complaint) by law and the terms

28    of the agreements.

HEMAR, ROUSSO & HEALD, LLP
15910 VENTURA BOULEVARD, 12TH FLOOR
ENCINO, CA 91436

HEMAR, ROUSSO & HEALD, LLP
15910 VENTURA BOULEVARD, 12TH FLOOR
ENCINO, CA 91436

### SEVENTH AFFIRMATIVE DEFENSE

#### (Abandonment)

The Complaint and each purported claim for relief alleged therein are barred due to the Debtor's abandonment of its interests in the Leases (as defined in the Complaint) and the subject oilfields.

### EIGHTH AFFIRMATIVE DEFENSE

#### (Release)

The Complaint and each purported claim for relief alleged therein are barred because the Debtor has released its interests in the Leases and claims against Defendants by law and terms of the agreements.

### NINTH AFFIRMATIVE DEFENSE

#### (Inability to Cure)

The Complaint and each purported claim for relief alleged therein are barred because the Debtor is unable to cure the defaults that have occurred in connection with the Leases.

### TENTH AFFIRMATIVE DEFENSE

#### (Failure of Condition Precedent/Failure of Condition Concurrent)

One or more conditions precedent or conditions concurrent, as set forth in the agreements including the Settlement and Release Agreement, dated March 3, 2009, to the Debtor's retention of interests in the Leases did not occur, therefore, extinguishing and terminating such interests.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Breach)

The Debtor breached the agreements and failed to perform thereunder, thereby excusing Defendants from performance thereunder.

### TWELVTH AFFIRMATIVE DEFENSE

#### (Consent/Ratification)

The Complaint and each purported claim for relief alleged therein are barred due to consent or ratification by the Debtor to the termination of any subject agreements.

HEMAR, ROUSSO & HEALD, LLP
15910 VENTURA BOULEVARD, 12TH FLOOR
ENCINO, CA 91436

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (Unclean Hands)

The doctrine of unclean hands bars Plaintiff from any recovery under the Complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (Waiver)

The Complaint and each purported claim for relief alleged therein are barred due to the doctrine of waiver.

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (Estoppel)

The Complaint and each purported claim for relief alleged therein are barred due to the doctrine of estoppel.

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Laches)

The Complaint and each purported claim for relief alleged therein are barred due to the doctrine of laches.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (Unjust Enrichment)

The Complaint and each purported claim for relief alleged therein are barred by the doctrine of unjust enrichment.

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### (Lack of Standing)

Plaintiff lacks standing to bring one or more of the claims for relief alleged in the Complaint.

### NINETEENTH AFFIRMATIVE DEFENSE

#### (Express Indemnity)

Defendants are informed and believes and based thereon alleges that the Complaint and each purported claim for relief alleged therein are barred due to express indemnity rights in favor of Defendants.

1

### TWENTIETH AFFIRMATIVE DEFENSE

2

### (Equitable Indemnity)

3    Defendants are informed and believes and based thereon alleges that the Complaint and each

4    purported claim for relief alleged therein are barred due to equitable indemnity rights in favor of

5    Defendants.

6

### ADDITIONAL AFFIRMATIVE DEFENSES

7    Defendants reserve its right to amend this Answer and/or allege additional affirmative defenses

8    after conducting further discovery, investigation and research.

9

### PRAYER FOR RELIEF

10    WHEREFORE, Defendants pray for relief as follows:

11    1.    That the Court enter an Order dismissing the Complaint, with prejudice, or that

12    judgment be entered in favor of Defendants;

13    2.    That Plaintiff take nothing by way of the Complaint;

14    3.    That Defendants recover costs of suit incurred herein;

15    4.    That Defendants be awarded its attorneys' fees and costs of suit incurred herein; and

16    5.    For such other and further relief as the Court may deem just and proper.

17

18    DATED:  March 6, 2020                HEMAR, ROUSSO & HEALD, LLP

19                                                        /s/ *J. Alexandra Rhim*
       BY: _____
20                                                        J. Alexandra Rhim
       Attorneys for Laor Liquidating Associates, LP (erroneously
21    sued as Laor) and Guarantee Royalties, Inc.

22

23

24

25

26

27

28

**HEMAR, ROUSSO & HEALD, LLP**
*15910 VENTURA BOULEVARD, 12TH FLOOR*
*ENCINO, CA 91436*

ANSWER AND COUNTERCLAIMS

HEMAR, ROUSSO & HEALD, LLP
15910 VENTURA BOULEVARD, 12TH FLOOR
ENCINO, CA 91436

## III.    **COUNTERCLAIMS**

Defendants, the counter-claimants herein, allege the following Counterclaims against Plaintiff as counter-defendant:

### **GENERAL ALLEGATIONS**

1.    Laor is the fee owner of certain parcel(s) of land located in Placentia, California identified as APN 346-162-01, APN 341-365-02 and APN 341-365-03 (collectively, the "Laor Fee Property"). Guaranty is the fee owner of certain parcel(s) of land located in Placentia, California identified as APN 346-162-02 (the "Guaranty Fee Property" together with the Laor Fee Property shall be referred to collectively as the "Fee Properties").

2.    The Fee Properties each have oil production areas and were subject to oil and gas leases of record in a unitized oilfield known as the Richfield East Dome Unit ("REDU"). The Debtor[1] was the Unit Operator of REDU and claims to hold rights under the leases to extract oil, gas and/or minerals from the Fee Properties (collectively, the "Oil Leases"). The Richfield East Dome Unit Agreement ("REDU Agreement") was recorded with the Official Records for Orange County on December 30, 1969 in Book 9177, page 873.

3.    The Oil Leases previously granted the Debtor the right to extract oil, gas and/or minerals from the Fee Properties conditioned upon the Debtor's compliance with terms and conditions in the Oil Leases. Those terms included the obligations to pay royalties to Defendants and perform other obligations including the obligation to remediate and restore the property. The Oil Leases also contain terms providing for termination of such agreements upon the occurrence of certain events.

4.    The Debtor breached the Oil Leases by, among other things, having failed to make royalty payments as required thereunder. The Debtor also engaged in the unauthorized use of portions of the Fee Properties. The Debtor failed to cure the defaults or rectify such breaches. As a consequence, Defendants commenced an action on April 20, 2005 in the Superior Court of the State of California, County of Orange bearing Case No. 05CC00083 (the "State Court Action") seeking relief based on the aforementioned defaults and breaches.

---

[1]    The Debtor was previously known as Greka Oil & Gas, Inc. but is now known as HVI Cat Canyon, Inc. pursuant to a name change.

ANSWER AND COUNTERCLAIMS

5.    Defendants and the Debtor resolved the claims asserted in the State Court Action as set forth in the Settlement and Release Agreement, dated March 3, 2009 (the "<u>Settlement Agreement</u>"). The Settlement Agreement provided for, among other things, certain rights conferred to the Debtor to continue its oil production operations at the Fee Properties.   The Settlement Agreement required, among other things, for the Debtor to pay royalties and a settlement amount, and execute certain quitclaim deeds in favor of Defendants.

6.    Accordingly, the Debtor executed that certain Partial Surrender and Quitclaim Deed and Grant of Easement and Surface Use recorded on March 26, 2009 as instrument number 2009000143928 with the Official Records of Orange County (the "<u>2009 Quitclaim</u>").   Pursuant to the 2009 Quitclaim, the Debtor released and quitclaimed to Defendants certain surface rights pertaining to the Fee Properties but retained certain non-exclusive easements.

7.    The 2009 Quitclaim provided that all easements, licenses and rights referenced therein would terminate upon the termination of the Guarantee Lease and Unit Agreement.   The Settlement Agreement (Section 18) further obligated the Debtor to promptly quitclaim its interests pertaining to Tracts 4, 10, 34 or 73 to Defendants (the "<u>Additional Quitclaim</u>").

8.    After December 6, 2016, the Debtor ceased making royalty payments due to Defendants under the Oil Leases and the REDU Agreement.   Such failure constitutes a default under the Settlement Agreement, the Oil Leases and the REDU Agreement.   On December 8, 2017, Defendants provided a Notice of Delinquent Royalties (the "<u>Default Notice</u>"): (a) demanding cure of the unpaid royalties; (b) advising of their intend to exercise of rights and remedies including **termination** of the Oil Leases as to the Debtor; and (c) demanding execution of the Additional Quitclaim.   The Debtor failed to respond to the Default Notice or cure the identified defaults.

9.    The Debtor failed to pay the unpaid royalties as alleged above.   The Debtor has further admitted in its Schedules of Assets and Liabilities that royalties remain unpaid and owing to Defendants.   The Debtor further failed to execute and deliver the Additional Quitclaim.

10.    The Debtor has ceased production or extraction activity on a long-term basis at the Fee Properties.   In addition, the Debtor has abandoned the oilfields located at the Fee Properties, which results in substantial liability, including but not limited to the costs of abandoning oil wells to state

HEMAR, ROUSSO & HEALD, LLP
15910 VENTURA BOULEVARD, 12TH FLOOR
ENCINO, CA 91436

standards, removing pipelines and facilities, and performing environmental cleanup. The Debtor is further liable for substantial environmental cleanup costs in connection with its prior operations at the Fee Properties.

11. The failures alleged above resulted in termination of the Debtor's interests by contract and operation of law. As a consequence, any and all of the Debtor's interests (whether in the nature of leases, licenses, easements or otherwise) which are the subject of this action (the "<u>Claimed Interests</u>") have already terminated. Accordingly, the Claimed Interests do not constitute property of the bankruptcy estate (within the meaning of 11 U.S.C. § 541(a)) and, if they do, are subject to 11 U.S.C. § 365 which cannot be satisfied; and, thus, Plaintiff is not entitled to any relief whatsoever against Defendants.

## FIRST CLAIM FOR RELIEF

### (Quiet Title)

12. Defendants repeat and reallege each and every allegation contained in paragraph 1 through 11, inclusive, and incorporates the same here by reference as though set forth in full.

13. By virtue of allegations above, the Claimed Interests have been terminated and/or been extinguished in their entirety.

14. Defendants seek to quiet title to the Fee Properties confirming that neither the bankruptcy estate nor the Debtor hold any rights, interests or claims therein.

15. Defendants further seeks their reasonable attorney's fees and costs in the amount that Defendants have expended in connection with protecting its rights and interests in the Fee Properties.

## SECOND CLAIM FOR RELIEF

### (Declaratory Relief)

16. Defendants repeat and reallege each and every allegation contained in paragraph 1 through 15, inclusive, and incorporates the same here by reference as though set forth in full.

17. Defendants are informed and believe that the Trustee asserts that the Claimed Interests constitute property of the bankruptcy estate under 11 U.S.C. § 541(a) and that Section 365 is inapplicable to such interests. Defendants dispute such assertion and seek a declaration from the Court that: (a) the Claimed Interests have been previously terminated and do not constitute property of the

HEMAR, ROUSSO & HEALD, LLP
15910 VENTURA BOULEVARD, 12TH FLOOR
ENCINO, CA 91436

HEMAR, ROUSSO & HEALD, LLP
15910 VENTURA BOULEVARD, 12TH FLOOR
ENCINO, CA 91436

1  estate; or (b) if the Claimed Interests were not terminated and Section 365 is found *inapplicable*, that

2  Plaintiff cannot otherwise satisfy the requirements under the agreements or applicable law to sell or

3  assign the Claimed Interest; or (c) if the Claimed Interests were not terminated and Section 365 is

4  found *applicable*, that the requirements under Section 365 cannot be satisfied so as to bar Plaintiff

5  from assuming and assigning such interests.

6  <u>**THIRD CLAIM FOR RELIEF**</u>

7  **(Specific Performance)**

8  18.    Defendants repeat and reallege each and every allegation contained in paragraph 1

9  through 17, inclusive, and incorporates the same here by reference as though set forth in full.

10  19.    Based on the termination of the Claimed Interests, Defendants seek to compel

11  execution and delivery: (a) of the Additional Quitclaim as required under the Settlement Agreement;

12  and (b) such other quitclaim deeds pertaining to the Fee Properties as mandated by California Civil

13  Code § 883.140(b).

14  20.    Defendants seek specific performance as set forth herein as the subject agreements

15  pertain to real property interests for which there is no other adequate remedy at law.

16  21.    Defendants further seek its reasonable attorney's fees and costs pursuant to California

17  Civil Code § 883.140(c) in the amount that Defendants have expended in connection with protecting

18  its rights and interests in the Fee Properties.

19  <u>**FOURTH CLAIM FOR RELIEF**</u>

20  **(Breach of Contract)**

21  22.    Defendants repeat and reallege each and every allegation contained in paragraph 1

22  through 21, inclusive, and incorporates the same here by reference as though set forth in full.

23  23.    The Debtor's failure and refusal to perform its obligations under the Settlement

24  Agreement, the terminated Oil Leases, and other related agreements constitutes a breach of contract

25  and have damaged Defendants in an amount equal to unpaid royalties and such other amounts to be

26  proven at trial and as set forth in Defendants' proof of claim.

27  24.    Defendants further seek its reasonable attorney's fees and costs as provided for by the

28  agreements and California Civil Code § 883.140(c).

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Defendants pray for relief as follows:

1.     That the Court enter an Order providing that the Debtor and bankruptcy estate hold no interests in the Claimed Interests or the Fee Properties;

2.     For a declaration from the Court as follows: (a) the Claimed Interests have been terminated and do not constitute property of the estate; or (b) in the alternative, if the Claimed Interests were not terminated and Section 365 is found inapplicable, that Plaintiff cannot otherwise satisfy the requirements under the agreements or applicable law to sell or assign the Claimed Interest; or (c) in the alternative, if the Claimed Interests were not terminated and Section 365 is found applicable, that the requirements under Section 365 cannot be satisfied so as to bar Plaintiff from assuming and assigning such interests.

3.     That the Court order execution and delivery of: (a) the Additional Quitclaim; and (b) additional quitclaim deeds pertaining to the Fee Properties as mandated by California Civil Code § 883.140(b).

4.     That the Court enter an Order allowing Defendants' claims stemming from the Debtor's breach of agreements.

5.     That Defendants be awarded its attorneys' fees and costs of suit incurred herein; and

6.     For such other and further relief as the Court may deem just and proper.

DATED:  March 6, 2020                    HEMAR, ROUSSO & HEALD, LLP

                                                         /s/ *J. Alexandra Rhim*
                                         BY: _____
                                                J. Alexandra Rhim
                                         Attorneys for Laor Liquidating Associates, LP (erroneously sued as Laor) and Guarantee Royalties, Inc.

H E M A R ,  R O U S S O  &  H E A L D ,  L L P
15910 VENTURA BOULEVARD, 12TH FLOOR
ENCINO, CA 91436