```
 1 | Jerry Namba, #120117
   | LAW OFFICE OF JERRY NAMBA
 2 | 504 East Chapel Street
   | Santa Maria, CA 93454
 3 | Tel (805) 347-9848
   | Fax (805) 347-9858
 4 |
   | Counsel for Defendant and Counter Claimant,
 5 |     CMT, LLC
 6 |
 7 |              UNITED STATES BANKRUPTCY COURT
 8 |              CENTRAL DISTRICT OF CALIFORNIA
 9 |                     NORTHERN DIVISION
10 | In Re:                          ) Case No. 9:19-bk-11573-MB
                                     ) Chapter 11
11 |   HVI CAT CANYON, INC.,          ) Adv. No. 9:20-ap-01011-MB
                                     )
12 | Debtor.                         ) COUNTERCLAIM AND CROSSCLAIM FOR
                                     ) DAMAGES AND EQUITABLE RELIEF
13 |_____  ) BASED UPON:
                                     )
   |   MICHAEL A. McCONNELL, CHAPTER )
14 | 11 TRUSTEE,                     ) 1) BREACH OF CONTRACT; AND
                                     ) 2) DECLARATORY JUDGMENT OF
15 | Plaintiff,                      )    ABANDONMENT
                 V.                  )
16 |                                 ) STATUS CONFERENCE:
                                     ) DATE:  To be determined
17 |   DONNA JEAN AANERUD, et al.,   ) TIME:
                                     ) CTRM:
18 | Defendants.                     )
19 |                                 )
                                     )
20 |_____  )
                                     )
21 |   CMT, LLC,                     )
                                     )
22 | Counter Claimant,               )
                                     )
23 |            V.                   )
                                     )
24 |   MICHAEL A. McCONNELL, CHAPTER )
   | 11 TRUSTEE,                     )
25 |                                 )
   | Counter Defendants,             )
26 |                                 )
                                     )
27 |                                 )
                                     )
28 |                                 )
   |_____  )

                                     1
```

Defendant, CMT, LLC, responds to the complaint of MICHAEL A. McCONNELL, CHAPTER 11 TRUSTEE by admitting, denying and averring as follows:

1. With respect to paragraph 1 of the complaint, defendant admits the averments contained therein.

2. With respect to paragraph 2 of the complaint, defendant admits the averments contained therein.

3. With respect to paragraph 3 of the complaint, defendant admits the averments contained therein. However, to the extent that this matter is a non-core proceeding, defendant reserves the right to withhold consent to the entry of final order and judgment by the Bankruptcy Court.

4. With respect to paragraph 4 of the complaint, defendant admits the averments contained therein.

5. With respect to paragraph 5 of the complaint, defendant lacks sufficient information or belief with respect to the averments contained therein to either admit or deny those averments. Therefore, on that basis, defendant denies each and every averment contained in this paragraph.

6. With respect to paragraph 6 of the complaint, defendant admits the averments contained therein.

7. With respect to paragraph 7 of the complaint, defendant lacks sufficient information or belief with respect to the averments contained therein to either admit or deny those averments. Therefore, on that basis, defendant denies each and every averment contained in this paragraph.

8. With respect to paragraph 8 of the complaint, defendant lacks sufficient information or belief with respect to the averments contained therein to either admit or deny those averments. Therefore, on that basis, defendant denies each and every averment contained in this paragraph.

9. With respect to paragraph 9 of the complaint, defendant admits the averments contained therein.

10. With respect to paragraph 10 of the complaint, defendant admits the averments contained therein.

11. With respect to paragraph 11 of the complaint, defendant admits the averments contained therein.

12. With respect to paragraph 12 of the complaint, defendant admits the averments contained therein.

13. With respect to paragraph 13 of the complaint, defendant lacks sufficient information or belief with respect to the averments contained therein to either admit or deny those averments. Therefore, on that basis, defendant denies each and every averment contained in this paragraph.

14. With respect to paragraph 14 of the complaint, defendant admits the averments contained therein.

15. With respect to paragraph 15 of the complaint, defendant lacks sufficient information or belief with respect to the averments contained therein to either admit or deny those averments. Therefore, on that basis, defendant denies each and every averment contained in this paragraph.

16. With respect to paragraph 16 of the complaint, defendant lacks sufficient information or belief with respect to the averments contained therein to either admit or deny those

averments. Therefore, on that basis, defendant denies each and every averment contained in this paragraph.

17. With respect to paragraph 17 of the complaint, defendant lacks sufficient information or belief with respect to the averments contained therein to either admit or deny those averments. Therefore, on that basis, defendant denies each and every averment contained in this paragraph.

18. With respect to paragraph 18 of the complaint, defendant admits the averments contained therein.

19. With respect to paragraph 19 of the complaint, defendant denies generally and specifically each and every averment contained therein.

20. With respect to paragraph 20 of the complaint, defendant denies generally and specifically each and every averment contained therein.

21. With respect to paragraph 21 of the complaint, defendant lacks sufficient information or belief with respect to the averments contained therein to either admit or deny those averments. Therefore, on that basis, defendant denies each and every averment contained in this paragraph.

22. With respect to paragraph 22 of the complaint, defendant lacks sufficient information or belief with respect to the averments contained therein to either admit or deny those averments. Therefore, on that basis, defendant denies each and every averment contained in this paragraph.

23. With respect to paragraph 23 of the complaint, defendant repleads each of the admissions, denials and averments made in response to paragraphs 1 through 22 of the complaint.

24. With respect to paragraph 24 of the complaint, defendant admits the averments contained therein.

25. With respect to paragraph 25 of the complaint, defendant denies generally and specifically each and every averment contained therein.

26. With respect to paragraph 26 of the complaint, defendant denies generally and specifically each and every averment contained therein.

27. With respect to paragraph 27 of the complaint, defendant denies generally and specifically each and every averment contained therein.

### FIRST AFFIRMATIVE DEFENSE

28. The complaint fails to state facts sufficient to justify the granting of relief against defendant.

### SECOND AFFIRMATIVE DEFENSE

29. As a result of certain pre-petition actions and/or omissions made by the Debtor, the claim of Plaintiff, as successor in interest claim for relief is barred by doctrine of waiver.

### THIRD AFFIRMATIVE DEFENSE

30. As a result of certain pre-petition actions and/or omissions made by the Debtor, the claim of Plaintiff, as successor in interest claim for relief is barred by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

31. As a result of certain actions and/or omissions made by Debtor, the claim of Plaintiff, as successor in interest

5

1 | is barred by the doctrine of estoppel.

FIFTH AFFIRMATIVE DEFENSE

32. The relief sought by Plaintiff constitutes an illegal taking without compensation in violation of the United States Constitution and the California Constitution.

DATED: June 28, 2020

Respectfully submitted,

LAW OFFICE OF JERRY NAMBA

_/s/ Jerry Namba_

JERRY NAMBA, attorney for defendant CMT, LLC

6

## COUNTERCLAIM FOR DECLARATORY RELIEF

Counter Claimant, CMT, LLC ("CMT"), avers as follows:

33. This Counter Claim is brought in connection with the Adversary Proceeding titled McCONNELL v. AANERUD, adversary number 9:20-ap-01011-MB, pending before the Court. The Court has jurisdiction over this matter pursuant to 11 U.S.C. §§ 157 and 1334.

34. CMT is the owner of property located on Dominion Road in Santa Maria, California (Santa Barbara County Assessor's Parcel Map No. 12-170-010) and the lessor of the mineral interests of said property known as the Lloyd leases.

35. CMT is informed and believes, and on that basis avers, that counter-defendant, Michael A. McConnell, is the duly appointed and acting trustee of Chapter 11 debtor, HVI CAT CANYON, INC. (hereinafter the "Trustee" and the "Debtor," respectively)

36. CMT is informed and believes, and on that basis avers, that UBS AG London Branch ("UBS") is a creditor of the Debtor who claims a security interest in the Lloyd leases. CMT is further informed and believes, and on that basis avers, that UBS has intervened on behalf of the Debtor's bankruptcy estate.

### First Counterclaim

(Based on failure to comply with 11 USC S 365)

37 For purposes of this first counterclaim, CMT repleads each of the averments contained in paragraphs 33 through 36 of this counter complaint.

7

38. A case in controversy exists between CMT, on the one hand, and the Trustee and UBS, on the other hand. CMT is informed and believes and, on that basis, avers that the Trustee and UBS claim that the leases covering the Lloyd property are still in full force and effect, and that the leases are not subject to Section 365 of the Bankruptcy Code. CMT asserts that if the Lloyd Leases are still in full force and effect, the leases are subject to Section 365 of the Bankruptcy Code.

39. CMT avers that declaratory relief is necessary and appropriate and that the court should determine that, assuming the Lloyd Leases are still in full force and effect, the leases are subject to section 365 of the Bankruptcy Code.

### Second Counterclaim

(Based on Breach of Lease Agreement)

40. For purposes of this second counterclaim, CMT repleads each of the averments contained in paragraphs 33 through 39 of this counter complaint.

41. CMT is informed and believes and thereon alleges that for well in excess of 6 months prior to the Debtor's filing its petition for Chapter 11 bankruptcy herein, the Lloyd leases, which were operated by Debtor, failed to produce in paying quantities and therefore automatically terminated by the leases own terms. The Trustee is still operating the leases and CMT is informed and believes and thereon alleges that it still fails to produce in paying quantities. Accordingly, CMT asserts that the leases have automatically terminated under the provisions of their habendum clause. The fact that the Debtor, through the

Trustee, is still in possession and is producing (though not in paying quantities) does not reinstate the leases but merely means that at best the Debtor (acting through the Trustee) is in possession as an at-will lessee or a month-to-month lessee. At worst, the Debtor is a trespasser. The Trustee contends to the contrary, asserting that the leases are still in full force and effect. Accordingly, a case in controversy exists.

42. CMT contends that the leases are terminated and that Counter Defendant UBS's security interest in the leases has terminated. CMT is informed and believes and, on that basis, avers that UBS asserts that its security interest remains in effect.

43. CMT avers that declaratory relief is necessary and appropriate and that the Court should determine that the Lloyd Leases have terminated for failure to produce in paying quantities.

### Third Counterclaim

(Based on Breach of Lease Agreement)

44. For purposes of this third counterclaim, CMT repleads each of the averments contained in paragraphs 33 through 43 of this counter complaint.

45. For many months prior to April 22, 2019 the Debtor failed to pay royalties on a current basis. CMT is informed and believes and, on that basis, avers that various members of the Lloyd mineral owner's group duly gave notice of default, thereafter, more than 60 days expired and the Debtor did not cure.

9

46. Accordingly, a case in controversy exists. CMT asserts that the Lloyd Leases have terminated because Debtor, even though served with appropriate notice or notices of default, failed to cure and CMT elected to terminate the leases. The Trustee acting on behalf of the Debtor asserts that the leases have not terminated.

47. CMT contends that the leases are terminated and that counter Defendant UBS's security interest in the leases have terminated. CMT is informed and believes and, on that basis, avers that UBS asserts that its security interest remains in effect.

48. CMT alleges that declaratory relief is necessary and appropriate and that the court should determine that the Lloyd Leases have terminated for Debtor's failure to cure default.

WHEREFORE, counter-claimant prays for judgment:

1. That the Trustee take nothing on his Complaint for Declaratory Relief;

2. That the Court issue a declaratory judgment that the subject lease or leases have terminated and are not part of the Debtor's bankrupt estate or in the alternative, if not terminated, they are subject to Bankruptcy Code section 365.

3. For recovery of the costs of suit incurred herein;

4. For recovery of reasonable attorneys' fees; and

5. For such other and further relief as the Court deems proper.

10

DATED: June 28, 2020

Respectfully submitted,

LAW OFFICE OF JERRY NAMBA

JERRY NAMBA, attorney for Counter claimant CMT, LLC